## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORNA BERNHOFT** | : | |
| 420 Saddle Lane | : | |
| Ojai, CA 93203, | : | |
|        **Plaintiff** | : | |
| | : | |
|     v. | : | |
| | : | **NO.** _____ |
| **JOSEPH PALMER** | : | |
| 923 Clyde Lane | : | |
| Philadelphia, PA 19128 | : | |
| | : | |
| **IRENE PALMER** | : | |
| 923 Clyde Lane | : | |
| Philadelphia, PA 19128 | : | |
| | : | |
| **JENNIFER PALMER** | : | |
| 923 Clyde Lane | : | |
| Philadelphia, PA 19128 | : | |
| | : | |
| **JOSEPH D. PALMER AND** | : | |
|    **IRENE O. PALMER TRUST** | : | |
| 923 Clyde Lane | : | |
| Philadelphia, PA 19128 | : | |
| | : | |
| **PALMER APARTMENTS** | : | |
| 923 Clyde Lane | : | |
| Philadelphia, PA 19128, | : | |
|       **Defendants** | : | |

## NOTICE OF REMOVAL

NOW COME Defendants Joseph Palmer, Irene Palmer, Jennifer Palmer, Joseph D. Palmer and Irene O. Palmer Trust, and Palmer Apartments, by and through their counsel, and file this Notice of Removal pursuant to 28 U.S.C. § 1332 and § 1441, the grounds for which are as follows:

1.     On March 4, 2011, Plaintiff Lorna Bernhoft commenced a civil action captioned as above in the Court of Common Pleas of Philadelphia County, PA, docketed at No. 110204849. A copy of the Civil Action Complaint commencing said civil action is attached hereto as **EXHIBIT A**.

2.     On March 11, 2011, the aforesaid Civil Action Complaint was served on Defendants, as evidenced by the copy of the Civil Docket Report attached hereto as **EXHIBIT B**.

3.      Plaintiff is a citizen of California, and all Defendants are citizens of Pennsylvania.

4.      Pursuant to the aforesaid Civil Action Complaint, Plaintiff was an undergraduate student at the time of the incident on October 12, 2010 that is the subject of said civil action, who is seeking damages for catastrophic injuries, including injuries that have rendered her a paraplegic, plus past and future substantial medical and medically related expenses, plus past and future loss of earnings and earning capacity, plus punitive damages.

5.      The matter in controversy exceeds the sum or value of $150,000, exclusive of interest and costs.

WHEREFORE, pursuant to 28 U.S.C. § 1441, Defendants hereby remove Plaintiff's aforesaid civil action from the Court of Common Pleas of Philadelphia County, PA, to this Court, as a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

BODELL, BOVE, GRACE, & VAN HORN, P.C.

By: _____ 3-31-11

Joseph F. Van Horn, Jr., Esquire
30 South 15th Street, Suite 600
Philadelphia, PA 19102
Tel: (215) 864-6600
E-mail: jvanhorn@bodellbove.com

2

# EXHIBIT A

**KLINE & SPECTER**
*A Professional Corporation*
By:     Thomas R. Kline, Esquire/28895
        Dominic C. Guerrini, Esquire/91311
1525 Locust Street
Nineteenth Floor
Philadelphia, PA 19102



---

| | |
|---|---|
| LORNA BERNHOFT<br>420 Saddle Lane<br>Ojai, CA 93023 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff, | MARCH TERM, 2011 |
| v. | CIVIL ACTION<br>NO. |
| JOSEPH PALMER<br>923 Clyde Lane<br>Philadelphia, PA 19128 | **JURY TRIAL DEMANDED** |
| IRENE PALMER<br>923 Clyde Lane<br>Philadelphia, PA 19128 | |

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

1

Case ID: 110204849

JENNIFER PALMER                    :
923 Clyde Lane                     :
Philadelphia, PA 19128             :
                                   :
JOSEPH D. PALMER AND IRENE O.      :
PALMER TRUST                       :
923 Clyde Lane                     :
Philadelphia, PA 19128             :
                                   :
PALMER APARTMENTS                  :
923 Clyde Lane                     :
Philadelphia, PA 19128             :
                                   :
        Defendants                 :

## CIVIL ACTION COMPLAINT
### 2F – PERSONAL INJURY AND PREMISES LIABILITY

1. Plaintiff, Lorna Bernhoft, is an adult citizen and resident of the State of California, residing therein at 420 Saddle Lane, Ojai, CA 93023.

2. At the time of the incident that is the subject of the Complaint, Lorna Bernhoft was an undergraduate student at the University of Pennsylvania, residing at 3928 Pine Street, Philadelphia, PA 19104.

3. The incident that is the subject of this Complaint occurred on or about October 12, 2010, at 326 South 42nd Street, Philadelphia, PA 19104.

4. Defendant Joseph Palmer is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 923 Clyde Lane, Philadelphia, PA 19128.

5. Defendant Irene Palmer is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 923 Clyde Lane, Philadelphia, PA 19128.

6. Defendant Jennifer Palmer is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 923 Clyde Lane, Philadelphia, PA 19128.

2

Case ID: 110204849

7.    Defendant Joseph D. Palmer and Irene O. Palmer Trust is a Pennsylvania trust and/or other jural entity, with a location of 923 Clyde Lane, Philadelphia, PA 19128.

8.    Defendant Palmer Apartments is a Pennsylvania corporation or other jural entity with a principle place of business located at 923 Clyde Lane, Philadelphia, PA 19128.

9.    At all times relevant hereto, defendants Joseph Palmer, Irene Palmer, Jennifer Palmer, Joseph D. Palmer and Irene O. Palmer Trust and Palmer Apartments were the owners, operators, property managers and managing agents of a property located at 326 South 42nd Street, Philadelphia, PA 19104 (the "subject premises").

10.    The aforementioned defendants will hereinafter be collectively referred to as "the Palmer defendants."

11.    The Palmer defendants, at all times relevant hereto, have regularly conducted business in Philadelphia County within the Commonwealth of Pennsylvania.

12.    The Palmer defendants, at all times relevant hereto, either directly, or through their agents, servants, and/or employees, owned, operated, managed, maintained and actively controlled the premises of the subject house located at 326 South 42nd Street in Philadelphia, Pennsylvania.

13.    The subject premises had a skylight, which allowed light from the subject property's roof to shine down through the roof, and at one time, through a small opening on the floor of the fourth floor of the subject premises.

14.    Prior to the subject accident, the Palmer defendants attempted to remove the skylight opening that had been on the floor on the fourth floor of the subject premises, by covering it.

3

15.   In order to remove this skylight opening, the Palmer defendants used a flimsy piece of flex board which they taped over the opening, using nothing but duct tape.

16.   In addition to being covered with flimsy flex board, the subject opening was also covered with carpet, which allowed the opening to be concealed and to blend in with the surrounding environment.

17.   The size of the subject opening was approximately two feet by three feet. This large opening, completely unmarked, and affirmatively hidden by the flimsy fiberboard and carpet, was dangerous, defective and constituted an unsafe condition on the subject property, posing a foreseeable and hazardous risk to all guests and inhabitants of the subject property.

18.   The above harmful and hazardous condition had been present and existed for some time prior to the subject accident, but was not marked or protected in any way so as to advise or alert anyone of the dangerous condition, and had not been repaired or in any way maintained prior to the date of the accident. Moreover, this dangerous condition was known by all defendants or, in the exercise of reasonable care, should have been known to all defendants, who failed to warn the plaintiff about the dangerous and unsafe condition.

19.   At all times material hereto, the defendants had actual notice that the covered skylight opening was defective, creating a dangerous condition for the plaintiff, and all other visitors and inhabitants of the subject property.

20.   At all times material hereto, all defendants knew or had reason to know that the covering was unsteady, insufficiently sturdy and/or lacked the structural integrity necessary to stay in place, creating a dangerous and defective condition.

21.   Despite having notice and despite having plenty of opportunity to investigate and correct this dangerous and defective condition, none of the defendants took any steps to do so.

Case ID: 110204849

22.    The defendants breached their duty to Lorna Bernhoft to keep the subject premises free from unsafe conditions within a reasonable time from receipt of actual and constructive notice of the unsafe condition.

23.    Prior to the date of the accident, all defendants knew and willfully and recklessly disregarded the fact that the fiberboard covering this opening was unstable, unsteady and dangerous, posing a substantial risk of harm to all tenants and invitees at the apartment, such as Lorna Bernhoft.

24.    Despite such knowledge, and in willful, wonton, outrageous and reckless disregard for human life and safety, including the safety and well-being of Lorna Bernhoft, the defendants nevertheless neglected to repair the subject opening when the defendants knew that they could seriously injury and/or cause the death of people such as Lorna Bernhoft.

25.    All defendants specifically failed to warn tenants, visitors and invitees of the subject property of the potential danger discussed herein.

26.    On the early morning hours of October 12, 2010, Lorna Bernhoft was attending a gathering hosted by members of the Quaker Notes, an Acapella group at the University of Pennsylvania to which Lorna belonged.  While socializing with some people at the gathering, Lorna walked towards the covered skylight opening, and not realizing the death trap that it was, went to sit down on top of it.

27.    As soon as she sat down, the fiberboard, which was flimsy and affixed improperly, moved such that Lorna was caused to fall through the skylight opening.

28.    As a result of the fall, Lorna fell approximately 15-20 feet onto the stair well below, landing on her tail bone.  She proceeded to slide down the stairs, ultimately landing on her head.

5

29.   The defendants' conduct, as set forth above, was willful and wanton misconduct, reckless, and evidenced a reckless disregard and indifference to the high degree of risk to human life and safety, including the safety and well-being of Lorna Bernhoft.

30.   As a direct and proximate result of the negligence and recklessness of all defendants, Lorna Bernhoft suffered catastrophic injuries to her bones, muscles, brain, nerves and nervous system, including, but not limited to injuries at T11, and C4-C5, which have rendered her a paraplegic. Lorna also now suffers from incontinence and other injuries as set forth in her medical records. As a direct and proximate result of the negligence and recklessness of all defendants, Lorna Bernhoft has suffered from shock, anxiety, emotional distress, and other physical and emotional injuries and upset, the full of extent of which are not yet known and some or all of which may be permanent in nature, pain-producing and disabling.

31.   As a direct and proximate result of the negligence of all defendants, Lorna Bernhoft has suffered injuries that have precluded her and will continue in the future to preclude her from fully enjoying the ordinary pleasures of life and participating in her ordinary activities and avocations.

32.   As a direct and proximate result of the negligence and recklessness of all defendants, Lorna Bernhoft has suffered and will continue to suffer into the future pain, suffering, agony, anxiety, mental anguish, depression, disability, mental disturbances, bodily deformation, embarrassment, humiliation, loss of life's pleasures, loss of well-being and other such intangible losses some or all of which may be permanent in nature.

33.   As a direct and proximate result of the negligence of all defendants, Lorna Bernhoft has been forced to endure multiple, surgical procedures, including a craniotomy, a cranioplasty, a tracheotomy, and surgery to both her cervical and thoracic spine.

6

34.    As a direct and proximate result of the negligence and recklessness of all defendants, Lorna Bernhoft has incurred in the past and will incur into the future substantial medical and medically related expenses, including, but not limited to, expenditures for medical attention, medications, hospitalizations, medical and surgical care, testing, physical therapy, occupational therapy, rehabilitative care, equipment, and other care and treatment to attempt to treat and to attempt to alleviate, minimize and/or cure herself of the aforementioned injuries.

35.    As a direct and proximate result of the negligence and recklessness of all defendants, Lorna Bernhoft has suffered in the past and will in the future continue to suffer loss of depreciation of earnings and earning capacity to her great detriment and loss.

36.    The injuries described herein were caused solely and exclusively by the negligence and recklessness of all defendants, their agents, servants, and/or employees, and were in no manner caused or contributed to by any acts or omissions on the part of Lorna Bernhoft.

**COUNT I – NEGLIGENCE**
**Plaintiff v. Defendant, Joseph Palmer**

37.    Paragraphs 1 through 36 are incorporated herein by reference as if fully set forth herein.

38.    Defendant, Joseph Palmer, failed to protect invitees to the subject premises from injuries and to properly maintain the subject premises in a safe and reasonable condition.

39.    Defendant, Joseph Palmer, failed to warn his tenants and invitees at the subject premises of the dangerous and defective conditions on the premises, as described herein, so as to avoid harm to people such as Lorna Bernhoft.

40.    Defendant, Joseph Palmer, was negligent, careless and reckless in the following particular respects:

7

Case ID: 110204849

a. Allowing and permitting the dangerous and defective condition of the improperly covered skylight to exist on the subject premises;

b. Failing to properly cover the subject skylight/opening so as to prevent someone from falling through it;

c. Failing to exercise reasonable care in covering the skylight opening on the fourth floor of the subject premises;

d. Failing to maintain the subject premises in safe condition;

e. Failing to exercise reasonable care to provide a safe and secure fourth floor, upon actual notice that the carpet and fiberboard covering the opening were loose, unstable, and insufficient;

f. Failing to provide notice and/or warnings to guests and invitees at the property, including Lorna Bernhoft, of the dangerous and defective condition created by the covered skylight opening;

g. Failing to provide notice and/or warning to guests and invitees such as Lorna Bernhoft of the degree of danger that was created by the loose, unstable and insufficient covering for the subject skylight opening;

h. Failing to take proper precautions to eliminate the unsafe condition on the premises over which it retained control, despite the fact that they knew or should have known that the covered skylight opening posed a hazardous risk to people such as Lorna Bernhoft;

i. Failing, despite actual notice, that the skylight covering was loose, improperly affixed, unstable and improper, to use reasonable care to fix this condition;

8

j.   Violating applicable building codes; and

k.   Violating applicable property maintenance codes.

41.   As a direct and proximate result of the conduct describe above, Lorna Bernhoft has suffered and continues to suffer extensive and severe injuries as set forth herein.

WHEREFORE, plaintiff Lorna Bernhoft demands judgment against all defendants, jointly and severally, in an amount in excess of the local arbitration limits and in excess of $50,000.00, exclusive of pre-judgment interest, costs and post-judgment interest. The amount claimed exceeds the jurisdictional amount requiring arbitration. Plaintiff also seeks punitive damages from all defendants.

## COUNT II – NEGLIGENCE
### Plaintiff v. Defendant, Irene Palmer

42.   Paragraphs 1 through 41 are incorporated herein by reference as if fully set forth herein.

43.   Defendant, Irene Palmer, failed to protect invitees to the subject premises from injuries and to properly maintain the subject premises in a safe and reasonable condition.

44.   Defendant, Irene Palmer, failed to warn her tenants and invitees at the subject premises of the dangerous and defective conditions on the premises, as described herein, so as to avoid harm to people such as Lorna Bernhoft.

45.   Defendant, Irene Palmer, was negligent, careless and reckless in the following particular respects:

a.   Allowing and permitting the dangerous and defective condition of the improperly covered skylight to exist on the subject premises;

b.   Failing to properly cover the subject skylight/opening so as to prevent someone from falling through it;

9

c. Failing to exercise reasonable care in covering the skylight opening on the fourth floor of the subject premises;

d. Failing to maintain the subject premises in safe condition;

e. Failing to exercise reasonable care to provide a safe and secure fourth floor, upon actual notice that the carpet and fiberboard covering the opening were loose, unstable, and insufficient;

f. Failing to provide notice and/or warnings to guests and invitees at the property, including Lorna Bernhoft, of the dangerous and defective condition created by the covered skylight opening;

g. Failing to provide notice and/or warning to guests and invitees such as Lorna Bernhoft of the degree of danger that was created by the loose, unstable and insufficient covering for the subject skylight opening;

h. Failing to take proper precautions to eliminate the unsafe condition on the premises over which it retained control, despite the fact that they knew or should have known that the covered skylight opening posed a hazardous risk to people such as Lorna Bernhoft;

i. Failing, despite actual notice, that the skylight covering was loose, improperly affixed, unstable and improper, to use reasonable care to fix this condition;

j. Violating applicable building codes; and

k. Violating applicable property maintenance codes.

46.    As a direct and proximate result of the conduct describe above, Lorna Bernhoft has suffered and continues to suffer extensive and severe injuries as set forth herein.

10

WHEREFORE, plaintiff Lorna Bernhoft demands judgment against all defendants, jointly and severally, in an amount in excess of the local arbitration limits and in excess of $50,000.00, exclusive of pre-judgment interest, costs and post-judgment interest. The amount claimed exceeds the jurisdictional amount requiring arbitration. Plaintiff also seeks punitive damages from all defendants.

## COUNT III – NEGLIGENCE
### Plaintiff v. Defendant, Jennifer Palmer

47.     Paragraphs 1 through 46 are incorporated herein by reference as if fully set forth herein.

48.     Defendant, Jennifer Palmer, failed to protect invitees to the subject premises from injuries and to properly maintain the subject premises in a safe and reasonable condition.

49.     Defendant, Jennifer Palmer, failed to warn her tenants and invitees at the subject premises of the dangerous and defective conditions on the premises, as described herein, so as to avoid harm to people such as Lorna Bernhoft.

50.     Defendant, Jennifer Palmer, was negligent, careless and reckless in the following particular respects:

    a.  Allowing and permitting the dangerous and defective condition of the improperly covered skylight to exist on the subject premises;

    b.  Failing to properly cover the subject skylight/opening so as to prevent someone from falling through it;

    c.  Failing to exercise reasonable care in covering the skylight opening on the fourth floor of the subject premises;

    d.  Failing to maintain the subject premises in safe condition;

11

Case ID: 110204849

e. Failing to exercise reasonable care to provide a safe and secure fourth floor, upon actual notice that the carpet and fiberboard covering the opening were loose, unstable, and insufficient;

f. Failing to provide notice and/or warnings to guests and invitees at the property, including Lorna Bernhoft, of the dangerous and defective condition created by the covered skylight opening;

g. Failing to provide notice and/or warning to guests and invitees such as Lorna Bernhoft of the degree of danger that was created by the loose, unstable and insufficient covering for the subject skylight opening;

h. Failing to take proper precautions to eliminate the unsafe condition on the premises over which it retained control, despite the fact that they knew or should have known that the covered skylight opening posed a hazardous risk to people such as Lorna Bernhoft;

i. Failing, despite actual notice, that the skylight covering was loose, improperly affixed, unstable and improper, to use reasonable care to fix this condition;

j. Violating applicable building codes; and

k. Violating applicable property maintenance codes.

51.   As a direct and proximate result of the conduct describe above, Lorna Bernhoft has suffered and continues to suffer extensive and severe injuries as set forth herein.

WHEREFORE, plaintiff Lorna Bernhoft demands judgment against all defendants, jointly and severally, in an amount in excess of the local arbitration limits and in excess of $50,000.00, exclusive of pre-judgment interest, costs and post-judgment interest. The amount

12

Case ID: 110204849

claimed exceeds the jurisdictional amount requiring arbitration.   Plaintiff also seeks punitive damages from all defendants.

## COUNT IV – NEGLIGENCE
### Plaintiff v. Defendant, Joseph D. Palmer and Irene O. Palmer Trust

52.   Paragraphs 1 through 51 are incorporated herein by reference as if fully set forth herein.

53.   Defendant, Joseph D. Palmer and Irene O. Palmer Trust, failed to protect invitees to the subject premises from injuries and to properly maintain the subject premises in a safe and reasonable condition.

54.   Defendant, Joseph D. Palmer and Irene O. Palmer, failed to warn their tenants and invitees at the subject premises of the dangerous and defective conditions on the premises, as described herein, so as to avoid harm to people such as Lorna Bernhoft.

55.   Defendant, Joseph D. Palmer and Irene O. Palmer, was negligent, careless and reckless in the following particular respects:

   a.   Allowing and permitting the dangerous and defective condition of the improperly covered skylight to exist on the subject premises;

   b.   Failing to properly cover the subject skylight/opening so as to prevent someone from falling through it;

   c.   Failing to exercise reasonable care in covering the skylight opening on the fourth floor of the subject premises;

   d.   Failing to maintain the subject premises in safe condition;

   e.   Failing to exercise reasonable care to provide a safe and secure fourth floor, upon actual notice that the carpet and fiberboard covering the opening were loose, unstable, and insufficient;

13

Case ID: 110204849

f.  Failing to provide notice and/or warnings to guests and invitees at the property, including Lorna Bernhoft, of the dangerous and defective condition created by the covered skylight opening;

g.  Failing to provide notice and/or warning to guests and invitees such as Lorna Bernhoft of the degree of danger that was created by the loose, unstable and insufficient covering for the subject skylight opening;

h.  Failing to take proper precautions to eliminate the unsafe condition on the premises over which it retained control, despite the fact that they knew or should have known that the covered skylight opening posed a hazardous risk to people such as Lorna Bernhoft;

i.  Failing, despite actual notice, that the skylight covering was loose, improperly affixed, unstable and improper, to use reasonable care to fix this condition;

j.  Violating applicable building codes; and

k.  Violating applicable property maintenance codes.

56.  As a direct and proximate result of the conduct describe above, Lorna Bernhoft has suffered and continues to suffer extensive and severe injuries as set forth herein.

WHEREFORE, plaintiff Lorna Bernhoft demands judgment against all defendants, jointly and severally, in an amount in excess of the local arbitration limits and in excess of $50,000.00, exclusive of pre-judgment interest, costs and post-judgment interest.  The amount claimed exceeds the jurisdictional amount requiring arbitration.  Plaintiff also seeks punitive damages from all defendants;

14

Case ID: 110204849

## COUNT V – NEGLIGENCE
### Plaintiff v. Defendant, Palmer Apartments

57.    Paragraphs 1 through 56 are incorporated herein by reference as if fully set forth herein.

58.    Defendant, Palmer Apartments, failed to protect invitees to the subject premises from injuries and to properly maintain the subject premises in a safe and reasonable condition.

59.    Defendant, Palmer Apartments, failed to warn their tenants and invitees at the subject premises of the dangerous and defective conditions on the premises, as described herein, so as to avoid harm to people such as Lorna Bernhoft.

60.    Defendant, Palmer Apartments, was negligent, careless and reckless in the following particular respects:

a.   Allowing and permitting the dangerous and defective condition of the improperly covered skylight to exist on the subject premises;

b.   Failing to properly cover the subject skylight/opening so as to prevent someone from falling through it;

c.   Failing to exercise reasonable care in covering the skylight opening on the fourth floor of the subject premises;

d.   Failing to maintain the subject premises in safe condition;

e.   Failing to exercise reasonable care to provide a safe and secure fourth floor, upon actual notice that the carpet and fiberboard covering the opening were loose, unstable, and insufficient;

f.   Failing to provide notice and/or warnings to guests and invitees at the property, including Lorna Bernhoft, of the dangerous and defective condition created by the covered skylight opening;

15

Case ID: 110204849

g.  Failing to provide notice and/or warning to guests and invitees such as Lorna Bernhoft of the degree of danger that was created by the loose, unstable and insufficient covering for the subject skylight opening;

h.  Failing to take proper precautions to eliminate the unsafe condition on the premises over which it retained control, despite the fact that they knew or should have known that the covered skylight opening posed a hazardous risk to people such as Lorna Bernhoft;

i.  Failing, despite actual notice, that the skylight covering was loose, improperly affixed, unstable and improper, to use reasonable care to fix this condition;

j.  Violating applicable building codes; and

k.  Violating applicable property maintenance codes.

61.  As a direct and proximate result of the conduct describe above, Lorna Bernhoft has suffered and continues to suffer extensive and severe injuries as set forth herein.

WHEREFORE, plaintiff Lorna Bernhoft demands judgment against all defendants, jointly and severally, in an amount in excess of the local arbitration limits and in excess of $50,000.00, exclusive of pre-judgment interest, costs and post-judgment interest. The amount claimed exceeds the jurisdictional amount requiring arbitration. Plaintiff also seeks punitive damages from all defendants.

### COUNT VI – NEGLIGENCE PER SE
#### Plaintiff v. Defendant, Joseph Palmer

62.  Paragraphs 1 through 61 are incorporated herein by reference as if fully set forth herein.

16

63.    Defendant, Joseph Palmer, violated applicable codes, including the International Building Code, the International Property Maintenance Code, the International Fire Code (all in effect in Philadelphia at the time of this incident), by utilizing substandard materials, affixed improperly to cover a two foot by three foot hole in the floor on the fourth floor of the subject premises, and was therefore negligent per se.

64.    Defendant, Joseph Palmer, failed to comply with the International Building Code, International Property Maintenance Code, and the International Fire Code in effect in Philadelphia at the time of the incident, in the following particular respects:

    a.  Failing to utilize materials to cover the subject skylight opening that could withstand the minimum load requirements set forth in the International Building Code;

    b.  Improperly affixing the flex board to the skylight opening, in violation of the International Building Code;

    c.  Allowing an unsafe structure to exist on the premises as defined by the International Property Management Code;

    d.  Failing to maintain the fourth floor in reasonably good repair;

    e.  Utilizing a cover for the subject skylight opening that was not firmly affixed or fastened;

    f.  Utilizing a cover for the subject skylight opening that was incapable of supporting normally imposed loads;

    g.  Allowing appurtenances on the fourth floor that are not structurally sound and are incapable of supporting normally imposed loads.

17

Case ID: 110204849

65.   As a direct and proximate result of such breaches, Lorna Bernhoft has suffered and continues to suffer extensive and severe injuries as set forth above.

WHEREFORE, plaintiff Lorna Bernhoft demands judgment against all defendants, jointly and severally, in an amount in excess of the local arbitration limits and in excess of $50,000.00, exclusive of pre-judgment interest, costs and post-judgment interest.   The amount claimed exceeds the jurisdictional amount requiring arbitration.   Plaintiff also seeks punitive damages from all defendants.

### COUNT VII – NEGLIGENCE PER SE
#### Plaintiff v. Defendant, Irene Palmer

66.   Paragraphs 1 through 65 are incorporated herein by reference as if fully set forth herein.

67.   Defendant, Irene Palmer, violated applicable codes, including the International Building Code, the International Property Maintenance Code, the International Fire Code (all in effect in Philadelphia at the time of this incident), by utilizing substandard materials, affixed improperly to cover a two foot by three foot hole in the floor on the fourth floor of the subject premises, and was therefore negligent per se.

68.   Defendant, Irene Palmer, failed to comply with the International Building Code, International Property Maintenance Code, and the International Fire Code in effect in Philadelphia at the time of the incident, in the following particular respects:

    a.   Failing to utilize materials to cover the subject skylight opening that could withstand the minimum load requirements set forth in the International Building Code;

    b.   Improperly affixing the flex board to the skylight opening, in violation of the International Building Code;

18

Case ID: 110204849

c. Allowing an unsafe structure to exist on the premises as defined by the International Property Management Code;

d. Failing to maintain the fourth floor in reasonably good repair;

e. Utilizing a cover for the subject skylight opening that was not firmly affixed or fastened;

f. Utilizing a cover for the subject skylight opening that was incapable of supporting normally imposed loads;

g. Allowing appurtenances on the fourth floor that are not structurally sound and are incapable of supporting normally imposed loads.

69.     As a direct and proximate result of such breaches, Lorna Bernhoft has suffered and continues to suffer extensive and severe injuries as set forth above.

WHEREFORE, plaintiff Lorna Bernhoft demands judgment against all defendants, jointly and severally, in an amount in excess of the local arbitration limits and in excess of $50,000.00, exclusive of pre-judgment interest, costs and post-judgment interest. The amount claimed exceeds the jurisdictional amount requiring arbitration. Plaintiff also seeks punitive damages from all defendants.

## COUNT VIII – NEGLIGENCE PER SE
### Plaintiff v. Defendant, Jennifer Palmer

70.     Paragraphs 1 through 69 are incorporated herein by reference as if fully set forth herein.

71.     Defendant, Jennifer Palmer, violated applicable codes, including the International Building Code, the International Property Maintenance Code, the International Fire Code (all in effect in Philadelphia at the time of this incident), by utilizing substandard materials, affixed

19

improperly to cover a two foot by three foot hole in the floor on the fourth floor of the subject premises, and was therefore negligent per se.

72.   Defendant, Jennifer Palmer, failed to comply with the International Building Code, International Property Maintenance Code, and the International Fire Code in effect in Philadelphia at the time of the incident, in the following particular respects:

a.   Failing to utilize materials to cover the subject skylight opening that could withstand the minimum load requirements set forth in the International Building Code;

b.   Improperly affixing the flex board to the skylight opening, in violation of the International Building Code;

c.   Allowing an unsafe structure to exist on the premises as defined by the International Property Management Code;

d.   Failing to maintain the fourth floor in reasonably good repair;

e.   Utilizing a cover for the subject skylight opening that was not firmly affixed or fastened;

f.   Utilizing a cover for the subject skylight opening that was incapable of supporting normally imposed loads;

g.   Allowing appurtenances on the fourth floor that are not structurally sound and are incapable of supporting normally imposed loads.

73.   As a direct and proximate result of such breaches, Lorna Bernhoft has suffered and continues to suffer extensive and severe injuries as set forth above.

WHEREFORE, plaintiff Lorna Bernhoft demands judgment against all defendants, jointly and severally, in an amount in excess of the local arbitration limits and in excess of

20

Case ID: 110204849

$50,000.00, exclusive of pre-judgment interest, costs and post-judgment interest. The amount claimed exceeds the jurisdictional amount requiring arbitration. Plaintiff also seeks punitive damages from all defendants.

## COUNT IX – NEGLIGENCE PER SE
### Plaintiff v. Defendant, Joseph D. Palmer and Irene O. Palmer Trust

74.   Paragraphs 1 through 73 are incorporated herein by reference as if fully set forth herein.

75.   Defendant, Joseph D. Palmer and Irene O. Palmer Trust, violated applicable codes, including the International Building Code, the International Property Maintenance Code, the International Fire Code (all in effect in Philadelphia at the time of this incident), by utilizing substandard materials, affixed improperly to cover a two foot by three foot hole in the floor on the fourth floor of the subject premises, and was therefore negligent per se.

76.   Defendant, Joseph D. Palmer and Irene O. Palmer Trust, failed to comply with the International Building Code, International Property Maintenance Code, and the International Fire Code in effect in Philadelphia at the time of the incident, in the following particular respects:

  a.   Failing to utilize materials to cover the subject skylight opening that could withstand the minimum load requirements set forth in the International Building Code;

  b.   Improperly affixing the flex board to the skylight opening, in violation of the International Building Code;

  c.   Allowing an unsafe structure to exist on the premises as defined by the International Property Management Code;

  d.   Failing to maintain the fourth floor in reasonably good repair;

21

Case ID: 110204849

    e.  Utilizing a cover for the subject skylight opening that was not firmly affixed or fastened;

    f.  Utilizing a cover for the subject skylight opening that was incapable of supporting normally imposed loads;

    g.  Allowing appurtenances on the fourth floor that are not structurally sound and are incapable of supporting normally imposed loads.

    77.  As a direct and proximate result of such breaches, Lorna Bernhoft has suffered and continues to suffer extensive and severe injuries as set forth above.

    WHEREFORE, plaintiff Lorna Bernhoft demands judgment against all defendants, jointly and severally, in an amount in excess of the local arbitration limits and in excess of $50,000.00, exclusive of pre-judgment interest, costs and post-judgment interest. The amount claimed exceeds the jurisdictional amount requiring arbitration. Plaintiff also seeks punitive damages from all defendants.

### COUNT X – NEGLIGENCE PER SE
#### Plaintiff v. Defendant, Palmer Apartments

    78.  Paragraphs 1 through 77 are incorporated herein by reference as if fully set forth herein.

    79.  Defendant, Palmer Apartments, violated applicable codes, including the International Building Code, the International Property Maintenance Code, the International Fire Code (all in effect in Philadelphia at the time of this incident), by utilizing substandard materials, affixed improperly to cover a two foot by three foot hole in the floor on the fourth floor of the subject premises, and was therefore negligent per se.

22

Case ID: 110204849

80.    Defendant, Palmer Apartments, failed to comply with the International Building Code, International Property Maintenance Code, and the International Fire Code in effect in Philadelphia at the time of the incident, in the following particular respects:

    a.  Failing to utilize materials to cover the subject skylight opening that could withstand the minimum load requirements set forth in the International Building Code;

    b.  Improperly affixing the flex board to the skylight opening, in violation of the International Building Code;

    c.  Allowing an unsafe structure to exist on the premises as defined by the International Property Management Code;

    d.  Failing to maintain the fourth floor in reasonably good repair;

    e.  Utilizing a cover for the subject skylight opening that was not firmly affixed or fastened;

    f.  Utilizing a cover for the subject skylight opening that was incapable of supporting normally imposed loads;

    g.  Allowing appurtenances on the fourth floor that are not structurally sound and are incapable of supporting normally imposed loads.

81.    As a direct and proximate result of such breaches, Lorna Bernhoft has suffered and continues to suffer extensive and severe injuries as set forth above.

WHEREFORE, plaintiff Lorna Bernhoft demands judgment against all defendants, jointly and severally, in an amount in excess of the local arbitration limits and in excess of $50,000.00, exclusive of pre-judgment interest, costs and post-judgment interest. The amount

23

Case ID: 110204849

claimed exceeds the jurisdictional amount requiring arbitration.   Plaintiff also seeks punitive

damages from all defendants.

                                        KLINE & SPECTER
                                        A Professional Corporation

Dated: _____              BY: _____
                                        THOMAS R. KLINE, ESQUIRE
                                        DOMINIC C. GUERRINI, ESQUIRE
                                        The Nineteenth Floor
                                        1525 Locust Street
                                        Philadelphia, Pennsylvania 19102
                                        (215) 772-1000 telephone
                                        (215) 735-0937 telefax

24

Case ID: 110204849

## VERIFICATION

I Lorna Bernhoft, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

LORNA BERNHOFT

25

Case ID: 110204849

# EXHIBIT B

# Civil Docket Report

## Case Description

| | |
|---|---|
| **Case ID:** | 110204849 |
| **Case Caption:** | BERNHOFT VS PALMER ETAL |
| **Filing Date:** | Friday , March 04th, 2011 |
| **Court:** | JS - MAJOR JURY-STANDARD |
| **Location:** | CH - City Hall |
| **Jury:** | J - JURY |
| **Case Type:** | 2S - PREMISES LIABILITY, SLIP/FALL |
| **Status:** | CLWCM - WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A28895 | KLINE, THOMAS R |
| **Address:** | KLINE & SPECTER 1525 LOCUST ST., 19TH FL. PHILADELPHIA PA 19102 (215)772-1000 | | **Aliases:** | *none* | |
| | | | | | |
| 2 | 1 | | PLAINTIFF | @6905138 | BERNHOFT, LORNA |
| **Address:** | 420 SADDLE LANE OJAI CA 93023 | | **Aliases:** | *none* | |
| | | | | | |
| 3 | | | DEFENDANT | @6905139 | PALMER, JOSEPH |

| | | | | | |
|---|---|---|---|---|---|
| **Address:** | 923 CLYDE LANE PHILADELPHIA PA 19128 | | **Aliases:** | *none* | |
| | | | | | |
| 4 | | | DEFENDANT | @6905140 | PALMER, IRENE |
| **Address:** | 923 CLYDE LANE PHILADELPHIA PA 19128 | | **Aliases:** | *none* | |
| | | | | | |
| 5 | | | DEFENDANT | @6905141 | PALMER, JENNIFER |
| **Address:** | 923 CLYDE LANE PHILADELPHIA PA 19128 | | **Aliases:** | *none* | |
| | | | | | |
| 6 | | | DEFENDANT | @6905142 | JOSEPH D. PALMER AND IRENE O. PALMER TRUST |
| **Address:** | 923 CLYDE LANE PHILADELPHIA PA 19128 | | **Aliases:** | *none* | |
| | | | | | |
| 7 | | | DEFENDANT | @6905143 | PALMER APARTMENTS |
| **Address:** | 923 CLYDE LANE PHILADELPHIA PA 19128 | | **Aliases:** | *none* | |
| | | | | | |
| 8 | 1 | | ATTORNEY FOR PLAINTIFF | A91311 | GUERRINI, DOMINIC C |
| **Address:** | 1525 LOCUST STREET 19TH FLOOR PHILADELPHIA PA 19102 (215)772--100 | | **Aliases:** | *none* | |
| | | | | | |
| 9 | | | TEAM LEADER | J280 | MANFREDI, WILLIAM J |
| **Address:** | 510 CITY HALL PHILADELPHIA | | **Aliases:** | *none* | |

|  |  |  |  |
|---|---|---|---|
| PA 19107<br>(215)686-3718 |  |  |  |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 04-MAR-2011 11:43 AM | ACTIV - ACTIVE CASE |  |  | 04-MAR-2011 11:46 AM |
| **Docket Entry:** | E-Filing Number: 1103008316 |  |  |  |
| 04-MAR-2011 11:43 AM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | KLINE, THOMAS R |  | 04-MAR-2011 11:46 AM |
| **Docket Entry:** | *none.* |  |  |  |
| 04-MAR-2011 11:43 AM | CMPLT - COMPLAINT FILED NOTICE GIVEN | KLINE, THOMAS R |  | 04-MAR-2011 11:46 AM |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. |  |  |  |
| 04-MAR-2011 11:43 AM | SSCG5 - SHERIFF'S SURCHARGE 5 DEFTS | KLINE, THOMAS R |  | 04-MAR-2011 11:46 AM |
| **Docket Entry:** | *none.* |  |  |  |
| 04-MAR-2011 11:43 AM | JURYT - JURY TRIAL PERFECTED | KLINE, THOMAS R |  | 04-MAR-2011 11:46 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. |  |  |  |
| 04-MAR-2011 11:43 AM | CLWCM - WAITING TO LIST CASE MGMT CONF | KLINE, THOMAS R |  | 04-MAR-2011 11:46 AM |
| **Docket Entry:** | *none.* |  |  |  |

Civil Docket Report - Not an Official Document                                    Page 4 of 4

| 04-MAR-2011 05:32 PM | ENAPC - ENTRY OF APPEARANCE-CO COUNSEL | GUERRINI, DOMINIC C | | 07-MAR-2011 07:14 AM |
|---|---|---|---|---|
| Docket Entry: | ENTRY OF APPEARANCE OF AS CO-COUNSEL FILED. (FILED ON BEHALF OF LORNA BERNHOFT) | | | |
| 15-MAR-2011 10:49 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | 15-MAR-2011 10:49 AM |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON JOSEPH PALMER BY PERSONAL SERVICE ON 03/11/2011 FILED. | | | |
| 15-MAR-2011 10:50 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | 15-MAR-2011 10:50 AM |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON IRENE PALMER BY PERSONAL SERVICE ON 03/11/2011 FILED. | | | |
| 15-MAR-2011 10:53 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | 15-MAR-2011 10:54 AM |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON JENNIFER PALMER BY PERSONAL SERVICE ON 03/11/2011 FILED. | | | |
| 15-MAR-2011 10:54 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | 15-MAR-2011 10:54 AM |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON JOSEPH D. PALMER AND IRENE O. PALMER TRUST BY PERSONAL SERVICE ON 03/11/2011 FILED. | | | |
| 15-MAR-2011 10:55 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | 15-MAR-2011 10:55 AM |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON PALMER APARTMENTS BY PERSONAL SERVICE ON 03/11/2011 FILED. | | | |
| 30-MAR-2011 01:42 PM | NTDPW - NOTICE OF SUIT TO DPW | GUERRINI, DOMINIC C | | 30-MAR-2011 01:43 PM |
| Docket Entry: | NOTICE OF SUIT TO PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE FILED. (FILED ON BEHALF OF LORNA BERNHOFT) | | | |